IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LORRAINE REGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 115-087 |
| | ) |
| STATE OF GEORGIA; GEORGIA | ) |
| DEPARTMENT OF CORRECTIONS; | ) |
| GROVETOWN MEDICAL PRISON | ) |
| (AUGUSTA); BRIAN OWENS; | ) |
| DENNIS BROWN; ELIZABETH | ) |
| ROBERTS; ED SPRATT; GAIL | ) |
| THOMAS; JACQUELINE | ) |
| CHAMPION; VERONICA SAMUELS; | ) |
| AMICINA MACK; SHUNETTE | ) |
| BURTON; MILDRED GILLIAM; | ) |
| and RICHARDINE MOORE, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). On August 21, 2015, the Court directed Plaintiff to amend her complaint due to multiple deficiencies within her original complaint. (Doc. no. 15.) On October 14, 2015, Plaintiff amended her complaint in compliance with the Court's August 21st Order. (Doc. no. 21.)

Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S.

519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.  SCREENING OF THE COMPLAINT

   A.  BACKGROUND

Plaintiff names fourteen defendants in her amended complaint: the State Of Georgia; Georgia Department of Corrections; Grovetown Medical Prison (Augusta); Brian Owens; Dennis Brown; Elizabeth Roberts; Ed Spratt; Gail Thomas; Jacqueline Champion; Veronica Samuels; Amicina Mack; Shunette Burton; Mildred Gilliam; and Richardine Moore. The individual defendants who worked with Plaintiff at Augusta State Medical Prison. (Doc. no. 21, pp. 4-8.) Plaintiff's complaint spans an almost two-year period between April 1, 2011 and March 8, 2013, when she was "ultimately dismissed and/or placed on permanent leave from her employment." (Id. at 22.)

Plaintiff alleges she was dismissed but left on the payroll to prevent her from filing a discriminatory discharge action. (Id.) Plaintiff extensively details alleged mistreatment by her co-workers, primarily Defendants Mack, Burton, Samuels, and Thomas. For example, Plaintiff alleges that on May 1, 2011, she filed a complaint due to Defendants Mack and Burton making derogatory remarks to her and improperly taking food from the jail. (Id. at 9.) Plaintiff alleges she raised these concerns with Defendant Champion, the director of food services, who chastised her for bringing this to her attention. (Id.) Her complaint describes various similar incidents where she complained about her managers violating various prison regulations only to be chastised by prison administrators for making these complaints. (Id. at

9-18.)

Among the fifty-five or so separate incidents she alleges, approximately eight involve racial slurs, epithets, or racially motivated conduct. (Id. at 9-18.) Plaintiff alleges she was the only Caucasian working on her shift in the food services department. (Id. at 10-11.) On June 14, 2011, Plaintiff alleges that Defendant Mack stated to her "you know we get rid of whites" in response to a complaint Plaintiff made about Defendant Mack possessing contraband. (Id. at 10.) This was approximately two months after Plaintiff began working at the prison. (Id. at 22.) On June 16, 2011, Plaintiff alleges that Defendant Samuels stated, "I am tired of your white ass," after she complained of her locker being broken into by an inmate. (Id. at 11.) On that same day, Plaintiff alleges she overheard Defendant Burton tell Defendant Thomas she was tired of Defendant's "white miserable ass." (Id.)

Plaintiff describes an incident on November 19, 2011, where after a mandatory meeting to discuss Plaintiff's complaints about the defendants, Defendant Mack stated "fuck you Rega" and Defendant Samuels threatened to fire any inmate from food services if they helped Plaintiff. (Id. at 13.) Two days later, Defendant Samuels told Plaintiff in regards to her journal that she "better get rid of that dam[n] ledger, or [her] white ass [would] be gone soon." (Id. at 14.) Due to the mistreatment, Plaintiff filed a harassment complaint and wrote letters to the Georgia Attorney General's office, the Georgia Department of Corrections, and internal human resources on November 22, 2011. (Id. at 13.)

Plaintiff also alleges that, on January 16, 2012, Defendant Thomas filed a false negative performance report about Plaintiff losing her keys. (Id. at 21.) Plaintiff alleges this report was filed for discriminatory reasons. (Id.) On February 9, 2012, Defendant Thomas

3

stated "your white ass is on my last nerve" to Plaintiff after she refused to change her statement that Defendant Burton was hitting inmates. (Id. at 15-16.) Plaintiff alleges that, on March 28, 2012, she lodged a complaint due to Defendant Mack continuing to use racial slurs such as "white bitch." (Id. at 17.)

Finally, Plaintiff alleges that on March 1, 2013, she was so ridiculed for refusing to change a statement about Defendant Gilliam she left the facility and drove to a hospital due to a panic attack. (Id. at 18.) This was shortly after Defendant Gilliam filed a contrived negative performance report alleging Plaintiff passed tools to inmates in a common but apparently improper manner. (Id. at 22.) Plaintiff took leave under the Family and Medical Leave Act until May 5, 2013, after which she was discharged when her doctor did not release her back to work. (Id. at 43.) However, this complaint allegation conflicts with Plaintiff's contrary allegation that she was dismissed and placed on permanent leave by the prison but left on the payroll in order to avoid a discriminatory discharge claim. (Id.)

Plaintiff alleges Defendants' mistreatment of her was racially motivated and in retaliation for her filing constant complaints about their conduct, some of which involved racial epithets. (Id. at 22-37.) Plaintiff further alleges her ultimate dismissal from the job was part of a scheme by defendants to file contrived performance complaints until Plaintiff left or was terminated. (Id. at 20, 22.) Plaintiff exhausted her administrative remedies through the Equal Employment Opportunity Commission and timely filed suit within sixty days of receiving her right to sue letter. (Id. at 49.)

**B. DISCUSSION**

    **1. Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Has Failed to State a Claim against Augusta State Medical Prison

Plaintiff has failed to state a viable §1981, § 1983, negligence or Title VII claim against Defendant Augusta State Medical Prison because it is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Jails and prisons are not legal entities subject to liability under Georgia law. E.g., Sneed v. Wheeler Corr. Facility, No. CV 314-085, 2015 WL 1757502, at *3 (S.D. Ga. Apr. 17, 2015) report and recommendation adopted sub nom. Sneed v. Wheeler Corr. Facilty, No.

CV 314-085, 2015 WL 2255090 (S.D. Ga. May 8, 2015) (finding WCF is not subject to liability in a § 1983 suit); Welty v. Wheeler Corr. Facility, CV 312–034, 2012 WL 5722303, at *2 (S.D. Ga. Sept. 28, 2012) report and recommendation adopted, CV 312–034, 2012 WL 5721803 (S.D. Ga. Nov. 15, 2012) (same); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, Augusta State Medical Prison is not subject to liability in this suit and must be dismissed from this action.

### 3. Plaintiff Has Failed to State a Claim under 42 U.S.C. § 1985.

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985 by causing a hostile work environment, engaging in discrimination, and retaliating against Plaintiff for making complaints about her work environment. (Doc. no. 21, pp. 25-26.) In order to state a claim under 42 U.S.C. 1985, Plaintiff must plead (1) the existence of a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of person, of the equal protection of the law or of the equal privileges and immunities under the law; (3) some act in furtherance of the conspiracy; and (4) that she was injured in person or property or deprived of having or exercising any right or privilege of a citizen of the United States. Baker v. McDonald's Corp., 686 F. Supp. 1474, 1479 (S.D. Fla. 1987 (citing Griffin v. Breckenridge, 403 U.S. 88, 102–103 (1971)).

7

Here, Plaintiff has failed to sufficiently plead the existence of a conspiracy. Only one paragraph in her thirty-seven page complaint alleges anything about a conspiracy. (See doc. no. 21, p. 22). This paragraph merely alleges all of the individual Defendants conspired to cause Plaintiff's termination through false performance complaints. (Id.) Plaintiff does not describe these performance complaints nor does it appear that most of these defendants ever wrote performance complaints about Plaintiff. The only such reports described by Plaintiff were written by Defendants Thomas and Gilliam. (Id. at 21-22.) Plaintiff also fails to adequately set forth the improper purpose of the conspiracy, such as a discriminatory motive. (Id. at 22.) Thus, Plaintiff's claim of conspiracy, which is wholly devoid of detail and includes the Commissioner of the Georgia Department of Correction along with her supervisors at the prison, fails to state a plausible claim under 42 U.S.C. § 1985. See Iqbal, 556 U.S. at 678 (requiring factual content that leads to facial plausibility of the claim).

### 4. Plaintiff Has Failed to State a Claim for Wantonness, Negligence, or Negligent Retention.

Plaintiff also brings a claim based on wantonness by the individual Defendants. (Doc. no. 21, pp. 34-35.) Plaintiff does not elaborate on this claim but merely recites that Plaintiffs have violated 42 U.S.C. §§ 1981, 1983, 1985 and Title VII. Because there is no federal or Georgia cause of action for "wantonness," Plaintiff's claim for wantonness should be dismissed.

Similarly, Plaintiff appears to bring a claim for negligence against the individual defendants based on their alleged discriminatory conduct. (Id. at 33.) Plaintiff does not elaborate on the basis for this claim but predicates it on their alleged violations of 42 U.S.C. §§ 1981, 1983, 1985 and Title VII. Under Georgia law, negligence denotes unintentional acts,

8

not intentional acts such as discrimnation. Rhoden v. Dep't of Pub. Safety, 473 S.E.2d 537, 538 (1996). As another district court held, negligence is not a surrogate for employment discrimination claims. Alford v. Cosmyl, Inc., 209 F. Supp. 2d 1361, 1372 (M.D. Ga. 2002) ("If the State of Georgia desires or intends to provide its citizens with a state law remedy for employment discrimination, it has the means to do so through legislation enacted by the Georgia General Assembly.") Plaintiff has also failed to outline the duty owed to her by Defendants and the breach of that duty. Rather, she perfunctorily asserts violations of federal statutes as a basis for this claim. Accordingly, Plaintiff's claims of negligence should also be dismissed.

To the extent this claim is being made against the State of Georgia and the Georgia Department of Corrections rather than Augusta State Medical Prison, they are immune from suit under the Eleventh Amendment.[1] "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974);

---

[1] Congress abrogated Eleventh Amendment immunity in the Title VII context pursuant to its enforcement powers given in §5 of the 14th Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment). Absent consent from the state, a state and its agencies may not be directly sued regardless of the relief sought by the plaintiff. See Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985). Thus, Plaintiff's negligent retention claim against Georgia Department of Corrections Prison must be dismissed because the state of Georgia has neither consented to suit not waived its immunity for negligence. Thorne v. Littlefield Const. Co., 782 F. Supp. 108, 109 (M.D. Ga. 1992) (finding Georgia has not waived immunity for negligence actions).

**5. Plaintiff Has Failed to State a Claim Under 42 U.S.C. §§ 1981, 1983 Against Defendants State of Georgia, Georgia Department of Corrections, Brian Owens, Dennis Brown, Ed Spratt and Elizabeth Roberts U.**

42 U.S.C. § 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .," and it broadly protects "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). 42 U.S.C. § 1981 provides similar protections as those provided under Title VII in the employment context. Melton v. Nat'l Dairy LLC, 705 F. Supp. 2d 1303, 1315 (M.D. Ala. 2010) ("Thus, § 1981 provides a cause of action for race-based employment discrimination including wrongful termination, retaliation, and a racially hostile work environment.")

All Defendants are employees or entities of the state of Georgia. The Eleventh Circuit has held that 42 U.S.C. § 1981 does not provide a cause of action against state actors independently of 42 U.S.C. § 1983 because Congress established § 1983 as the sole remedial scheme against persons acting under color of state law. Butts v. Cty. of Volusia, 222 F.3d 891,

894 (11th Cir. 2000). Thus, Plaintiff can only bring her claims for § 1981 violations through the vehicle of § 1983. Id. at n.1.

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (explaining that employer providing medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269. Here, Plaintiff includes no substantive allegations connecting the State of Georgia, Defendants Georgia Department of Corrections, Brian Owens, and Dennis Brown with the purported violations. (See doc. no. 21.)

Plaintiff must therefore allege a causal connection between Defendants State of Georgia, Georgia Department of Corrections, Brian Owens, and Dennis Brown and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)

11

(requiring an affirmative causal connection between defendant and alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has given no theory to hold Defendants Georgia Department of Corrections and the State of Georgia liable except that they are the employer of those who harassed her. However, vicarious liability does not exist under 42 U.S.C. § 1983. Further, these state entities are immune to suit for damages under the Eleventh Amendment. Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981) ("Unlike Title VII, Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity.") Thus, Plaintiff's claims under 42 U.S.C. § 1981 by way of § 1983 against Defendant Georgia Department of Corrections should be dismissed.

Defendants Owens and Brown are Commissioner of the Georgia Department of Corrections and Warden of Augusta State Medical Prison, respectively. (Doc. no. 21, p. 4.) Plaintiff alleges no basis in the complaint for holding them liable other than her general complaints about harassment and retaliation by her managers. Plaintiff's allegations, though sufficient to state claims for hostile work environment and retaliation when liberally construed, are not sufficient to show widespread abuse such that the Defendants Owens and Brown are liable. Indeed, Plaintiff's allegations only involve approximately seven racially tinged comments over an almost two-year period. (Id. at 9-18.) Further, Plaintiff does not allege any other incidents of racial harassment with other employees sufficient to notify the Warden and Commissioner of § 1981 violations that were rampant, flagrant, and continuous. See Clark v. Evans, 840 F.2d 876, 885 (11th Cir. 1988) (four cases over four year period were isolated occurrences). Although Plaintiff's complaint does allege constant complaints about her supervisors, these complaints involve her manager's disregard for various prison regulations, not discriminatory conduct against her. (Id.) Thus, there is no basis for holding Defendants Owens and Brown liable under § 1983.

Defendants Robert and Spratt, the Deputy Warden and an administrator respectively, are also not liable under § 1983. Plaintiff makes no substantive allegations against Defendant Roberts and the only allegations against Defendant Spratt involve two instances in which Defendant Spratt mediated disputes between Plaintiff and her managers. (See id. at 9, 11.) Plaintiff makes no allegations against either of these defendants that they were personally involved in the alleged violations, outside of boilerplate allegations that all defendants violated her rights under various statutes or subjected her to discrimination. (Id.

13

at 22-23.) Because Plaintiff's allegations are not sufficient to show widespread, rampant abuse, she cannot maintain a claim against Defendants Spratt and Roberts.

In sum, Plaintiff cannot state a claim against Defendants State of Georgia, Georgia Department of Corrections, Owens, Brown, Spratt, and Roberts under § 1983 for violations of § 1981 due to the bar against vicarious liability and Eleventh Amendment immunity. Accordingly, these claims should be dismissed.

### 6. Plaintiff Has Failed to State a Claim under Title VII Against Defendants State of Georgia, Owens, Brown, Spratt, Roberts, Champion, Samuels, Mack, Gilliam, Burton, Moore, and Thomas.

Plaintiff has brought her Title VII claims against all of the individual defendants in addition to the State of Georgia, Georgia Department of Corrections, and Augusta State Medical Prison. However, the relief granted under Title VII is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Thus individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer. Id. To the extent Plaintiff names individual defendants, Defendants Owens, Brown, Spratt, Roberts, Champion, Samuels, Mack, Gilliam, Burton, Moore, and Thomas, in their official capacity, these claims are redundant because she has already named her employer, Defendant Georgia Department of Corrections. Busby, 931 F.2d at 776. Thus, Plaintiff's Title VII claims against the individual defendants, in either capacity, are inappropriate and should be dismissed.

Further, because the only appropriate defendant is her employer, Defendant Georgia Department of Corrections, her claims against the State of Georgia should also be dismissed as

redundant and potentially confusing to a jury. See id. Accordingly, Plaintiff's Title VII claims against the State of Georgia and the individual defendants should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Court **DISMISS** all claims against Defendant Grovetown Medical Prison (Augusta), Plaintiff's claims under 42 U.S.C. § 1985, her claims of wantonness, negligence, and negligent retention, her § 1981 and § 1983 claims against Defendants State of Georgia, Georgia Department of Corrections, Owens, Brown, Spratt, and Roberts, and her Title VII claims against Defendants State of Georgia, Owens, Brown, Spratt, Roberts, Champion, Samuels, Mack, Gilliam, Burton, Moore, and Thomas. Further, the Court **REPORTS** and **RECOMMENDS** that the Court **DISMISS** Defendants Grovetown Medical Prison (Augusta), State of Georgia, Owens, Brown, Spratt, and Roberts due to the recommended dismissal of all claims against them above. Plaintiff's only remaining claims in this action are under Title VII against Defendant Georgia Department of Corrections and under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 1981 against Defendants Thomas, Champion, Samuels, Mack, Burton, Gilliam, and Moore

SO REPORTED AND RECOMMENDED this 1st day of April, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA